UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SANDY HOWARD SIMS,<br><br>    Plaintiff,<br><br>  v.<br><br>STEVEN ELLIS , in his official capacity as the Director of the Idaho State Office of the United States Bureau of Land Management, MIKE POOL, in his official capacity as the Acting Director of the United States Bureau of Land Management and KEN SALAZAR, in his official capacity of Secretary of the United States Department of Interior,<br><br>    Defendants. | Case No. 1:12-CV-00505-EJL<br><br>MEMORANDUM ORDER |

## **MEMORANDUM DECISION AND ORDER**

Pending before the Court in the above entitled matter is Plaintiff's Motion for Reconsideration (Dkt. 28) of the Court's order granting in part and denying in part Plaintiff's Motion for Summary Judgment. (Dkt. 12.) Defendants filed a response to the motion to reconsider (Dkt. 35). No reply was filed by Plaintiff.[1]

---

[1] Plaintiff did, however, file a Supplemental Brief in support of his Motion for Reconsideration (Dkt. 33) and an Affidavit by Plaintiff's counsel in support of the Motion for Reconsideration (Dkt. 34), nearly one month after filing his initial Motion for Reconsideration, but before Defendants' filed their Opposition to the Motion for Reconsideration (Dkt. 35). The

MEMORANDUM ORDER - 1

Having fully reviewed the record, the Court has determined oral argument would not assist the decision-making process. The Court will therefore decide the motion without a hearing.

**STANDARD OF REVIEW**

Neither the Federal Rules of Civil Procedure nor the Local Rules provide for a motion to reconsider. However, the Ninth Circuit has stated that motions to reconsider should be treated as motions to alter or amend under Federal Rule of Civil Procedure 59(e). *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1419 (9th Cir. 1984). Reconsideration of a final judgment under rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quotation omitted). As a result, the Ninth Circuit has identified three reasons sufficient to warrant a court's reconsideration of a prior order: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; or (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice. *Id*; *see also 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (A motion for reconsideration "should not be

---

Supplemental Brief and Affidavit were filed without leave of the Court and without citation to any authority under either the Federal Rules of Civil procedure or the local Rules. Defendants ask that the Court strike the Supplemental Brief and Affidavit as cumulative and/or improper. Because there is no prejudice to the Defendants and because the supplemental materials do not change the Court's ruling, the Defendants' request to strike is DENIED.

granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or there is an intervening change in the controlling law.).

Plaintiff does not identify the standard or authority upon which he bases his Motion for Reconsideration. However, because Plaintiff does not suggest there has been either a change in controlling law or the discovery of any new evidence, the Court assumes Plaintiff's motion is based on a need to correct clear error in law or fact, to prevent manifest injustice.

Plaintiff's Motion for Reconsideration asks the Court to revisit its conclusions regarding the interpretation of the General Mining Law of 1972, 30 U.S.C. §§ 22-54 ("Mining Act"), and more specifically, regarding Defendants' processing of Plaintiff's mill sites patent application under 30 U.S.C. § 42. Plaintiff argues that this Court improperly ordered Defendants to immediately either contest or approve Plaintiff's mill sites patent application, and suggests the Court should have instead required that Defendants immediately approve Plaintiff's application and issue patent to the mill sites.

The Court has reviewed the parties' briefing and concludes the Motion for Reconsideration generally argues the same position forwarded on Plaintiff's Motion for Summary Judgment. A losing party cannot use a Rule 59(e) motion to raise

arguments or present evidence that could have been raised before the entry of judgment. *Carroll*, 342 F.3d at 945. Further, a "rehash of arguments previously presented affords no basis for a revision of the Court's order." *Illinois Central Gulf Railroad Co. v. Tabor Grain Co.*, 488 F.Supp. 110, 122 (N.D. Ill. 1980); *see also Evans, Inc. v. Tiffany & Co.*, 416 F.Supp. 224, 244 (N.D. Ill. 1976) ("whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge."). Although the Court ultimately rejects Plaintiff's Motion for Reconsideration as failing to establish any clear error in the law or manifest injustice, the Court will, for purposes of clarity, briefly address Plaintiff's arguments.

## ANALYSIS

Plaintiff argues the "principal issue before this Court is not whether the Defendants have a duty to 'process' [Plaintiff's] application. The issue is whether Plaintiff has a right to patent." (Dkt. 29, p. 5.) Plaintiff suggests that his right to patent exists if the mill sites satisfy the statutory requirements for validity, and that there is no provision in 30 U.S.C. § 42 that conditions the right of patent on approval of the agency. *Id*. Plaintiff is correct that once a valid patent application has been made, "'the holder of a valid mining claim has an absolute right to a patent…and the actions taken by the Secretary of Interior in processing an application for patent by

such claimant are not discretionary; the issuance of a patent can be compelled by court order.'" *Swanson v. Babbitt*, 3 F.3d 1348, 1353 (9th Cir. 1993) (*quoting South Dakota v. Andrus*, 614 F.2d 1190, 1193 (8th Cir. 1980)). However, no "right arises from an invalid claim of any kind. All must conform to the law under which they are initiated; otherwise they work an unlawful private appropriation in derogation of the rights of the public." *Id.* (*citing Cameron v. United States*, 252 U.S. 450, 460 (1920)). The right to patent thus does not vest unless the Secretary of Interior determines that an applicant's claims are valid. *R.T. Vanderbilt Co. v. Babbitt*, 113 F.3d 1061, 1067 (9th Cir. 1997). As long "as the legal title remains in the Government, it does have power…to determine whether the claim is valid, and, if it be found invalid, to declare it null and void." *Swanson*, 3 F.3d at 1354 (*quoting Cameron*, 252 U.S. at 460).

Here, contrary to Plaintiff's assertions, it is not undisputed that Plaintiff had a valid patent claim. Indeed, the Government contested the validity of Plaintiff's claim by filing a contest proceeding in 2000, claiming that the mill sites were not used or occupied for purposes reasonably related to Plaintiff's mining operations, and requesting that the mill sites be declared null and void. The parties filed a stipulation in 2002 to stay the administrative proceedings pending negotiations between Plaintiff and the Forest Service to explore a land exchange which would

resolve the contest. On June 13, 2006, the parties filed a Joint Stipulation to Dismiss the Contest without prejudice. The stipulation was expressly conditioned on the occurrence of the land exchange between Plaintiff and the Forest Service, stating "[i]n the event that ongoing settlement negotiations are not concluded successfully, the parties have agreed, consistent with established mining contest law and procedure, that this contest can then be re-filed by the Contestant." (Dkt. 1-4.) Where, as here, the delay in the issuance of a patent application was due to Defendants' challenge to the validity of that application, patent rights do not vest until the resolution of such challenge. *Swanson*, 3 F.3d at 1354; *see also United States v. Shumway*, 199 F.3d 1093, 1102 (9th Cir. 1999) ("Were the Secretary to have challenged, in good faith, the Shumways' compliance with the mining laws, then under our decision in *Swanson* they would not have a vested right to issuance of the patent until resolution of the challenge."). [2]

1. *Posture of the Case*

In its September 16, 2013 Order (hereinafter the "Order"), this Court denied Defendants' Motion to Dismiss for lack of subject matter jurisdiction and failure to

---

2 As the Court previously held, there is no evidence that the Government acted in bad faith in either filing the initial contest, or delaying in re-filing a new contest after the land exchange fell through. (Dkt. 26, pp. 23, 26.)

MEMORANDUM ORDER - 6

state a claim. (Dkt. 5)   Plaintiff does not challenge this aspect of the Order.   The Order also granted in part and denied in part Plaintiff's Motion for Summary Judgment (Dkt. 12).   The Court granted Plaintiff's Motion for Summary Judgment because it determined the undisputed facts established Defendants had unreasonably delayed in processing Plaintiff's mill sites patent application.   The Court did not, however, find that the undisputed facts established validity of the mill sites and Plaintiff's right to patent.   Instead, as explained in the Order, Plaintiff's right to patent has not been confirmed because Defendants failed to completely process Plaintiff's application.   As such, the legal and secretarial review which is the last step prior to issuance of valid patent under the Mining Act was not fully completed. *See Independence Mining Co., Inc. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997); Dkt. 26, pp.   7-11 (reviewing patent application process under the Mining Act).

    Moreover, because Defendants contested the validity of Plaintiff's patent application, and dismissed the contest without prejudice only because Plaintiff claimed he was negotiating a land exchange with the Forest Service which would moot the contest, and with Plaintiff's explicit agreement that the contest could be re-filed if he did not, in fact, successfully exchange land with the Forest Service, the undisputed facts establish that Plaintiff's rights to patent have not vested.   *See, Swanson*, 3 F.3d at 1353-54 (the rights to a patent do not vest upon the filing of the

application if the Secretary contests the validity of patent and thus delays its issuance.); *Independence Mining*, 105 F.3d at 508 ("if rights to a patent do not vest pending challenge to its validity, no rights can vest before the Secretary has decided whether to contest the patent claim.").

    2.  *Court's Jurisdiction*

Plaintiff claims the Court correctly determined it had jurisdiction to entertain Plaintiff's claim, but that Court was incorrect to determine it could not order Defendants to issue patent.³ (Dkt. 29, p. 4.) The Tenth Circuit addressed this precise issue in *Marathon Oil Co. v. Lujan*, 937 F.2d 498 (10th Cir. 1991). Plaintiffs in *Marathon Oil* filed a patent application for six mining claims in 1986. By 1989, although they had completed a mineral examination suggesting plaintiffs' claims were valid, defendants had neither contested the application nor issued patents. Plaintiffs filed suit, requesting that the court order the defendants to grant the patents. The district court ruled in plaintiffs' favor, and ordered defendants to complete plaintiffs' application and to issue the patents in thirty days. The Tenth Circuit reversed in part, finding that though it could order defendants to

---

3 Plaintiff also claims "if Defendants never decide that the Mill Sites are valid, it necessarily follows that the Mill Sites are invalid and Plaintiff has no right to patent." (Dkt. 29, p. 5.) The Court foreclosed this possibility by ordering Defendants to expeditiously process Plaintiff's application and determine whether the mill sites were valid. Defendants immediately followed the Court's order and initiated an administrative contest proceeding to challenge the mill sites' validity. (Dkt. 34-1.)

MEMORANDUM ORDER - 8

expeditiously process plaintiffs' application, the district court was without authority to order the defendants to approve the application and to issue the patents. In so holding, the Court explained:

> The Department has not yet determined officially that all conditions to issuance of the patents have occurred. Thus, the Department has not yet reached the point when it is left with the purely ministerial act of issuing the patent. Therefore, the approval of the application should not yet be compelled by a writ of mandamus. In other words, while the district court can compel the defendants to exercise their discretion, it cannot dictate how that discretion is to be exercised.

*Id*. at 501-502 *(citing Ortiz v. United States*, 661 F.2d 826, 831(10th Cir. 1981); *Wilbur v. U.S. ex rel. Krushnic*, 280 U.S. 306, 319 (1930); *Estate of Smith v. Heckler*, 747 F.2d 583, 591 (10th Cir. 1984)).

In this case, Defendants have also not yet determined officially that all conditions to issuance of the patents have occurred. Defendants have not completed processing the application and, unlike in *Marathon Oil*, actually filed a contest to challenge the validity of Plaintiff's application. The contest has not been resolved on the merits.[4] Given the procedural posture of this case, the Court had the authority to order Defendants to expeditiously process Plaintiff's application, but was without authority to dictate the result of such processing. *Marathon Oil*, 937 F.2d at 501.

---

4 A dismissal without prejudice "is a dismissal that does not 'operat[e] as an adjudication upon the merits,' and thus does not have a res judicata effect." *Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384, 396 (1990) (quoting Fed.R.Civ.Proc. 41).

MEMORANDUM ORDER - 9

Plaintiff also suggests the Court has authority to determine Plaintiff's right to patent because "[o]bviously, the Court has the authority to reverse an agency determination of non-validity on appeal." (Dkt. 29, p. 5.) It may be true that the Court has the authority to reverse an agency's determination of non-validity on appeal if the agency had made such a decision. That is, unlike in this case, there would be a complete administrative record and a final agency action for the Court to review under 5 U.S.C. § 706(2). Where, as here, there is no such final agency action, and the Court's review is instead limited to a determination of whether the agency has unlawfully withheld or unreasonably delayed processing a Mining Act patent application under 5 U.S.C. § 706(1), the Court can determine the agency has unreasonably delayed, and can order the agency to act and issue a final decision, but cannot dictate the result of the agency's decision. *Marathon Oil*, 937 F.2d at 501.

  3. *Defendants' Delay*

Plaintiff makes much of the Congressional deadline imposed in the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub.L.No. 104-134, 110 Stat. 1321 (the "Act"). Section 322(c) of the Act required the Secretary of the Interior to make a final determination regarding 90 percent of all pending patent applications within five years of enactment, or by 2001. Although the Court found the Act was relevant to determining whether Defendants had unreasonably delayed

MEMORANDUM ORDER - 10

in processing Plaintiff's patent application, it is important to note that Defendants could not comply with the Act's deadline because the initial contest was not even dismissed until 2006. Further, the initial contest was dismissed in 2006 without prejudice and was contingent on a land exchange between Plaintiff and the Forest Service that never occurred. Finally, Plaintiff could have obtained a final decision in this matter long ago had he not sought and obtained dismissal of the initial contest, or if he had advised Defendants the land exchange was ultimately unsuccessful. (Dkt. 26, p. 28.) Although the Court held Defendants were ultimately responsible for monitoring the settlement negotiations and for re-filing the contest in the event settlement negotiations fell through, Defendants are not alone responsible for the significant delay in processing Plaintiff's application.

    4. *Plaintiff's Statutory Right*

Plaintiff suggests the Court "did not address the numerous Supreme Court decisions that clearly analyze, and implement the Court's authority to declare that Plaintiff does possess the statutory right to patent." (Dkt. 29, p. 10.) However, the cases Plaintiff cites were decided under different statutes and are inapposite. For instance, in *Lane v. Hoglund*, 244 U.S. 174 (1917), the Court interpreted the Homestead Statute, which contained an express provision requiring that patent to land be conveyed after the lapse of two years without contest or protest against the

validity of such entry. The *Lane* Court's determination that the entrant was entitled to a patent, and that the Secretary had a duty to issue a patent, is inapplicable to this case because the Mining Act does not contain a similar provision, and because controlling precedent establishes that rights to a patent do not vest pending the Secretary's validity determination. *Shumway*, 199 F.3d at 1099-1103; *Independence Mining*, 105 F.3d at 506-08; *R.T. Vanderbilt Co.*, 113 F.3d at 1063-64; *Swanson*, 3 F.3d at 1350.

In *Ballinger ex rel. Frost*, 216 U.S. 240, 249 (1910), the Court held mandamus will lie to compel the Secretary of Interior to perform a purely ministerial duty to execute a patent once the statutory time for a contest had expired and the Indian allottee's right to title had become fixed and absolute as dictated by statute. In this case the applicable statute does not require such a result and Defendants do not simply have a ministerial duty to issue patent to the mill sites. Instead, Defendants have the discretionary duty to determine whether a patent application is valid. *Shumway*, 199 F.3d at 1103; *Marathon Oil*, 937 F.2d at 501 (where Department had not yet officially determined that all conditions to issuance of the patents had occurred, the Department had not yet reached the point when it was left with only the purely ministerial act of issuing the patent). Finally, *U.S. ex rel. McAlester-Edwards Coal Co.*, 262 U.S. 200 (1923), was concerned with preferential

rights to purchase certain mineral lands of the Choctaw and Chickasaw Indians, and did not involve validity determinations concerning mill sites under the Mining Act. In sum, the cases cited by Plaintiff were not decided under the Mining Law, were based on dissimilar statutory provisions, and are not controlling in this case.

     5.  *Independence Mining and Swanson Cases*

Plaintiff claims the principles set forth by the Ninth Circuit in *Swanson* and *Independence Mining* do not apply here because in both cases, a good faith contest was pending, and in this case, there was no good faith contest pending. (Dkt. 29, p. 8.) Plaintiff's analysis is unpersuasive. In *Independence Mining*, contrary to Plaintiff's claim, a good faith contest was not pending. Instead, as the Court explicitly noted, the Secretary had not officially challenged the validity of the patents, and was in the process of determining the validity of the patents at the time plaintiff filed suit. *Independence Mining*, 105 F.3d at 508.

Further, the circumstances of this case can be analogized to *Swanson*, where a good faith contest was pending, because here Defendants contested Plaintiff's application in good faith and only dismissed the contest with Plaintiff's agreement that the contest could be re-filed if the land exchange Plaintiff contemplated fell through. This case can also be analogized to *Independence Mining* because, after dismissing the initial contest without prejudice, Defendants had not yet officially

re-challenged the validity of the patents at the time Plaintiff filed suit, but were entitled to do so under the stipulated terms of the Dismissal Order. Moreover, contrary to Plaintiff's assumption, the Congressional deadline set forth in the Act does not dictate that any subsequent contest following the dismissal would be in bad faith because the initial contest was dismissed in 2006, long after the deadline expired, without prejudice to Defendants' right to re-file should settlement negotiations fail, as they did.

6. *Statute of Limitations and Equitable Principles*

The Court addressed Plaintiff's arguments regarding the statute of limitations set forth in 28 U.S.C. §2462 and equitable principles in the Order and need not repeat its analysis here. (Dkt. 26, pp. 25-29.)

7. *Scope of administrative proceeding*

Finally, in his Supplemental Brief in support of Motion for Reconsideration, Plaintiff suggests that if Defendants are allowed to file a new contest proceeding, they should be required to re-file the same contest proceeding they filed in 2000. (Dkt. 33, p. 12.) The scope of the re-filed contest will need to be litigated before the Administrative Law Judge, and is not appropriately before the Court at this time.

# ORDER

IT IS ORDERED:

1. Plaintiff's Motion for Reconsideration (Dkt. 28) is **DENIED**.

DATED: December 30, 2013

_____
Edward J. Lodge
United States District Judge